IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Renardo Myles, | : |
|               Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| One on One Marketing, LLC d/b/a Career Institute, | : **DEMAND FOR JURY TRIAL** |
|               Defendant. | : |

**COMPLAINT & JURY DEMAND**

For this Complaint, the Plaintiff, Renardo Myles, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

**PARTIES**

3. The Plaintiff, Renardo Myles ("Plaintiff"), is an adult individual residing in Detroit, Michigan, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant One on One Marketing, LLC d/b/a Career Institute ("OOM"), is a Utah business entity with an address of 3098 Executive Parkway, Suite 300, Lehi, Utah 84043, and is a "person" as defined by 47 U.S.C. § 153(39).

5. OOM at all times acted by and through one or more of the agents.

**FACTS**

6. Beginning December 25, 2013, OOM contacted Plaintiff in an attempt to solicit its services to Plaintiff.

7. At all times referenced herein, OOM placed calls to Plaintiff's cellular telephone using an automated telephone dialer system ("ATDS" or "predictive dialer").

8. When Plaintiff answered the calls from OOM, he would hear a few seconds of silence, followed by being connected to a live representative.

9. Frustrated with the excessive amount of solicitation calls he was receiving, during a conversation taking place on December 30, 2013, Plaintiff requested that OOM cease placing calls to his cellular phone.

10. Despite Plaintiffs request, OOM continued to harass him with calls to his cellular phone at a rate of up to four calls on a daily basis.

11. The repeated calls from OOM caused Plaintiff significant enxiety.

**COUNT I**

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
47 U.S.C. § 227, et seq.**

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein and within the last four years, Defendant called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer").

14. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will

answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

15. Defendant's telephone systems have earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, he was met with a period of silence before Defendant's telephone system would connect him to the next available representative.

16. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. In the event Defendant at one time had consent to contact Plaintiff on his cellular telephone, Plaintiff revoked his consent by his demand to cease calls to his cellular telephone.

18. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

20. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
2. Punitive damages against Defendant; and
3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 25, 2014

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Renardo Myles
LEMBERG LAW, L.L.C.
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237
Email: slemberg@lemberglaw.com